| | | |
|---|---|---|
| Judge: Alston | **SENTENCING** | Date: 3/11/2026 |
| Reporter: T. Harris | | Time: 10:44 to 11:19 |

| | | | |
|---|---|---|---|
| Cr. # | 1:25-cr-00271-RDA-1 | AUSA: | Lauren Halper |
| U.S. v. | Valeriy Kouznetsov | Defense: | Lauren Rosen |

Defendant's objection to PSIR regarding enhancement pursuant to USSG § 3A1.2(a) and (b) argued and the Court finds the enhancement applicable in this case and finds the guidelines to be properly assessed at a range of 30 to 37 months.

Considering the factors under § 3553, the Court finds that the following sentence is appropriate.

**Sentence Imposed:**

28       Months imprisonment, with credit for time served.

3        Years supervised release

**Conditions of Supervised Release:**

1) If the defendant tests positive for a controlled substance or shows signs of alcohol abuse, the defendant must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Partial costs of this program shall be paid by the defendant, as directed by the probation officer, subject to the court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, and follow the rules and regulations of that program. Partial costs of this program shall be paid by the defendant, as directed by the probation officer, subject to the court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18

U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

4) The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment, including but not limited to X, YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide all account information to the probation officer, to include usernames and passwords.

5) The defendant shall not communicate, or otherwise interact, with President Donald Trump or his immediate family, either directly or through someone else, without first obtaining the permission of the probation officer. Additionally, the defendant shall avoid physical or online contact with facilities, sites, or persons under the permanent or temporary protection of the United States Secret Service, except to petition in writing the current President, Vice President, or other protected person for the purpose of political disclosure.

6) The defendant must not knowingly enter the following areas: area around the White House that is bounded by, and including K Street, NW; 13th Street, NW; Pennsylvania Avenue NW; 12th Street, NW; Constitution Avenue, NW; and 19th Street, NW in Washington, DC; or any other location known to be owned and/or operated by The Trump Organization.

7) The defendant shall not access any facility where President Donald Trump may be or any of his institutions.

**Monetary penalties:**
$100.00   Assessment $ 0      Fine

**Recommendations to BOP:**

The Court recommends that the defendant be designated to the facility in Otisville and that he be able to participate in the Bureau of Prisons Suboxone treatment program.

US' Motion to Dismiss remaining counts – Granted, AUSA to submit a proposed order.

Defendant: ✓      Remanded _____   To voluntarily surrender once space is available.